# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMION A. WILSON | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-16-3813 |
| WARDEN RICHARD MILLER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

## MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus, Respondents assert the petition should be dismissed as untimely. ECF No. 5. Petitioner was granted 28 days to file a Reply explaining why the petition should not be considered untimely. ECF No. 6. Petitioner so replied and the matter is now ripe for this Court's consideration. No hearing is necessary to resolve the matters pending. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, Respondents will be required to provide additional materials for the Court's consideration.

## I. Background

On September 21, 2000, Petitioner Damion Wilson entered an *Alford*[1] plea to one count of second-degree murder in the Circuit Court for Charles County, Maryland. ECF No. 5 at Ex. 1, p. 18 (docket entry 70000; withdrawing not guilty plea and plea of not criminally responsible;

---
[1] *North Carolina v. Alford,* 400 U.S. 25 (1970).

entering *Alford* plea). Wilson was sentenced on December 8, 2000 to 30 years' imprisonment running from February 7, 2000. *Id*. at p. 19. Wilson did not appeal these proceedings, and the time for filing such an appeal expired on January 8, 2001. *See* Md. Rule 8-204 (application for leave to appeal must be filed within 30 days after entry of judgment or order challenged).

On April 17, 2003, Wilson moved for reconsideration of his 30-year imprisonment sentence. ECF No. 5 at Ex. 1, p. 20 (docket entry 91000). The motion was denied on June 2, 2003. *Id*. (docket entry 93000).

On February 26, 2004, Wilson filed a petition for post-conviction relief in the Circuit Court for Charles County which was withdrawn without prejudice on October 21, 2004. ECF No. 5 at Ex. 1, pp. 21-22 (docket entries 95000 & 112000). On March 2, 2006, Wilson filed another petition for post-conviction relief which was withdrawn without prejudice on December 15, 2006. ECF No. 5 at Ex. 1, pp. 23 & 24 (docket entries 121000 & 135000). Wilson's third petition for post-conviction relief was filed on March 30, 2009. ECF No. 5 at Ex. 1, p. 25 (docket entry 146000). Post-conviction hearings were held on October 18, 2013 and April 2, 2014. *Id*. at pp. 35 & 38 (docket entries 248000 & 286000). On July 14, 2014, the Circuit Court granted limited relief to Wilson, vacating the restitution order of $8,795, but otherwise denied relief. *Id*. at p. 40 (docket entry 298000).

On August 4, 2014, Wilson appealed the denial of post-conviction relief to the Maryland Court of Special Appeals by application for leave to appeal. ECF NO. 5 at Ex. 1, p. 40 (docket entry 302000). The application for leave to appeal was denied on August 21, 2015, with the mandate issuing on November 2, 2015. *Id*. at p. 41 (docket entry 311000). Wilson's motion for reconsideration filed on September 4, 2015, was denied on October 30, 2015. *Id*.

On March 21, 2013, while Wilson's post-conviction petition was pending with the Circuit Court for Charles County, he filed a petition for writ of actual innocence. ECF No. 5 at Ex. 1, p. 29 (docket entry 196000). The petition was supplemented on August 1, 2012. *Id*. at p. 30 (docket entry 206000). It is unclear from the docket entries submitted to this Court whether the Charles County Circuit Court ruled on Wilson's petition for writ of actual innocence.

Wilson then filed this Petition for Writ of Habeas Corpus on November 8, 2016. ECF NO. 1. In it, Wilson acknowledges that he seeks relief well beyond the date that his conviction became final but requests that this Court reach the merits of his claim because he asserts actual innocence and submits newly discovered evidence exists which supports his claim of actual innocence. ECF NO. 1 at p. 8. Specifically, the newly discovered evidence is:

> 1. A torn photograph of the black male identified as being present in the residence of the victim at the time of the shooting during an interview of Alura Brown (who was three-years old) by Officer Daniel Gimler. Wilson states he obtained the photograph through a Public Information Act request in 2010. ECF No. 1 at p. 8.
>
> 2. Post-conviction testimony by Bernard Cole, Jr. during the 2013 post-conviction hearing indicating that Cole did not identify Wilson as the person he saw in front of the victim's home. ECF No. 1 at pp. 8 - 9.
>
> 3. Post-conviction testimony of Jacqueline Stancliff where she testified that:
>
>> a. She could not identify the person she saw running on the sidewalk, which if true, contradicts Wilson's *Alford* plea stipulation stating that Stancliff identified the person running as a teenager. ECF No. 1 at p. 9.
>>
>> b. She told the responding officer that "she heard the gunshot come from a place mid and high on her living room wall" which connected with the wall to the victim's stairway in the adjacent townhome. ECF No. 1 at p. 9.
>
> 4. The medical examiner's report which Wilson did not receive until 2012 describing shots fired at a downward angle and not at close range. ECF No. 1 at p. 10.

5. Post-conviction testimony of ballistics expert Gerald Styers during the 2013 hearing indicating that the bullet found inside of a boot located behind the front door of the victim's residence could not have come from the perpetrator's weapon. Mr. Styers' also noted that Katrina Cooke's knowledge about the gun involved was suspect given her professed ignorance about guns generally. ECF No. 1 at p. 11.

6. A February 15, 2000 police incident report which identifies Katrina Cooke as a suspect in the shooting; Wilson obtained this report in 2015 through a Public Information Act request. ECF No. 1 at p. 11.

7. A letter written by Katrina Cooke wherein she states that she was "tired of being the victim's daughter" and was "tired of the victim taking things from her;" Wilson obtained this letter in 2010 through a Public Information Act request. ECF No. 1 at p. 12.

8. A report indicating that 14 fingerprints recovered from the victim's front door did not match Wilson's prints; Wilson obtained this report in 2005 via Public Information Act request. ECF No. 1 at p. 12.

9. A 2012 report by Private Investigator Thomas Chase which concluded that the bullet found inside a boot behind the victim's front door could not have been fired from outside the residence, contradicting Katrina Cooke's version of events. ECF NO. 1 at p. 13.

Wilson concludes that failure by this Court to consider the merits of his petition would result in a miscarriage of justice because he is actually innocent yet remains incarcerated. ECF No. 1 at p. 13. Wilson more particularly contends that his trial counsel was ineffective and the State withheld exculpatory evidence. *Id*. at pp. 14 – 19. As for counsel's ineffectiveness, Wilson contends that counsel failed to: (1) investigate an alternative suspect defense; (2) interview Bernard Cole, Jr.; (3) file pre-trial motions to suppress and/or exclude footprint tracking evidence; (4) investigate footprint tracking evidence; (5) interview Jacqueline Stancliff; (6) interview Erica Farmer; (7) investigate ballistic evidence; (8) investigate the trajectory of the gunshot; (9) review and investigate the findings of the Medical Examiner; (10) investigate fingerprint evidence; and (11) "know the true facts" of Wilson's case before advising him to enter an *Alford* plea. *Id*. With regard to the exculpatory evidence claim, Wilson alleges that the

State never turned over the photograph of a black male identified by witness, three-year old Alura Brown, as the man in the residence when the victim was shot. *Id.* at p. 19.

## II. Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F. 3d 325, 330

(4th Cir. 2000). To be entitled to equitable tolling, Petitioner must establish that either Respondents' wrongful conduct contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. A federal habeas petition does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 175 (2001) (a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of § 2244(d)(2) and therefore does not toll limitations).

In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but rather weighed the delay as a factor in determining whether actual innocence has been reliably established. *Id.* at 1935-36. The Court cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928, quoting *Schlup*, 513 U.S. at 329.

To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup, v. Delo*, 513 U. S.298, 327 (1995). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson,* 523 U.S. 538, (1998) (quoting *Schlup*, 513 U. S. at 324). New evidence may be "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted). The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir.), *appl. for stay*

6

*and cert. denied sub. nom. Wilson v. Taylor*, 525 U.S. 1012 (1998). Moreover, the new evidence must go beyond undermining a finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999).

## III. Analysis

Respondents assert that a claim of actual innocence, as matter of law, cannot apply when the petitioner entered a plea versus going to trial. ECF No. 5 at pp. 5 – 6. Respondents reason that because Wilson's *Alford* plea required his admission that the evidence was sufficient to sustain his guilt, he cannot now assert his actual innocence. *Id*. Wilson counters that he has always maintained his innocence, and the *Alford* plea does nothing to upset this analysis. ECF No. 7.

On the limited record presented thus far, the Court cannot determine whether Wilson's actual innocence claim excuses the untimely filing of this petition. Respondents will be required to supplement the record with transcripts of the plea proceeding; transcripts of both post-conviction proceedings; and the post-conviction court's decision. In supplementing the record, Respondents may present additional argument as to why, in light of the additional materials filed, Wilson's actual innocence claim should not excuse the untimely filing of the petition. Petitioner will be provided an opportunity to file a Reply.

A separate Order follows.

|  |  |
|---|---|
|    4/17/18    |    /S/    |
| Date | Paula Xinis<br>United States District Judge |

7